**SIGNED THIS: January 16, 2014**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
BRENDA SUE BANKS,                   )  Bankruptcy Case No. 13-90943
                                    )
            Debtor.                 )

OPINION

      This matter having come before the Court on a Motion for Turnover Order and Objection to Claim of Exemption filed by Chapter 7 Trustee, Kristin L. Wilson; Response to and Motion to Deny Objection to Claim of Exemption filed by the Debtor; and Reply to Response to Motion to Deny Objection to Exemption filed by Kristin L. Wilson; the Court, having reviewed written memoranda of law filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on July 19, 2013.

2. On June 19, 2013, prior to filing for relief under Chapter 7, the Debtor transferred $6,000 from an individual retirement account (IRA) into a bank account at Homestar Bank. Shortly after the funds were transferred, the Debtor wrote a check to Jack Hannigan in the amount of $2,500 to reimburse Jack Hannigan for rent payments which he had previously made on the Debtor's behalf. The remaining $3,500 from the IRA transfer were retained in the Debtor's checking account, purportedly to be used for additional necessities, such as food and future rent.

3. Payroll deposits in the amount of $2,832.15 were made to the Debtor's Homestar Bank account between June 19, 2013, and July 19, 2013. These payroll deposits were co-mingled with the transferred sums from the Debtor's IRA account, and some of the funds were used to pay for necessities of the Debtor during this period of time.

4. On July 19, 2013, the date of Debtor's filing for relief under Chapter 7, the Debtor's checking account at Homestar Bank had a balance of $4,228.09.

5. In her original bankruptcy schedules, the Debtor failed to list the bank account with Homestar Bank. However, the Debtor did file Amended Schedules B and C on October 31, 2013, including the account with Homestar Bank in which she claimed an exemption pursuant to 735 ILCS 5/12-1006 and 5/12-1001(b). The Debtor also amended her schedules from October 31, 2013, claiming that the monies repaid to Jack Hannigan in the amount of $2,500 were also exempt pursuant to 735 ILCS 5/12-1006.

6. The Chapter 7 Trustee has filed an Objection to the Debtor's claim of exemption, pursuant to 735 ILCS 5/12-1006, in any funds and has requested a turnover of funds in the amount of $4,228.09. The parties have submitted written legal arguments, and the matter is now ripe for decision by this Court.

Conclusions of Law

The issue before the Court in this matter is whether funds removed from an exempt IRA for the purposes of paying rent and other necessities retain their exempt status after leaving the IRA and being placed in a regular checking account and co-mingled with other non-exempt funds. The issue in this matter is governed by 735 ILCS 5/12-1006, which states:

> §12-1006. Exemption for retirement plans. (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
>
> (b)  "Retirement plan" includes the following:
>
> (1)  a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;
>
> (2)  a government or church retirement plan or contract;
>
> (3)  an individual retirement annuity or individual retirement account; and
>
> (4)  a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
>
> (c)  A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.
>
> (d)  This Section applies to interests in retirement plans held by debtors subject to bankruptcy, judicial, administrative or other proceedings pending on or filed after August 30, 1989.

In support of her position, the Debtor cites Auto Owners Insurance v. Berkshire, 225 Ill.App.3d 695 (Ill. App. Ct. 1992), for the proposition that funds removed from an exempt IRA retain their exempt status since they were used to pay for necessities of the Debtor, such as rent and food. The Debtor's reliance on Auto Owners Insurance v. Berkshire, supra, is misplaced. The Court in Auto Owners indicated that, if a payment was a periodic pension benefit intended

for current support, the funds were exempt and remained exempt if traceable to an exempt retirement account. The Debtor in the instant case did not receive a periodic payment from her IRA in the form of a retirement benefit, which would be exempt under the Illinois Exemption Statute, but rather took a lump sum distribution to supplement otherwise non-exempt income. The facts in the instant case are clearly distinguishable from the case of Auto Owners Insurance v. Berkshire, supra, relied upon by the Debtor.

In support of her position that the Debtor is not entitled to an exemption, pursuant to 735 ILCS 5/12-1006, the Trustee cites In re Weinhoeft, 275 F.3d 604 (7th Cir. 2001); In re Schoonover, 331 F.3d 575 (7th Cir. App. 2003); In re Irwin, 371 B.R. 344 (Bank. C.D. Ill. 2007); and In re Phillips, 2006 WL 382145 (Bankr. C.D. Ill. 2006) for the proposition that funds, once removed from an exempt retirement account, are no longer exempt when co-mingled with other non-exempt funds. This Court has reviewed the decisions cited by the Chapter 7 Trustee and concurs with the Trustee's reading of those cases, finding that the funds received by the Debtor in a lump sum distribution lost their exempt status under 735 ILCS 5/12-1006, once removed from the Debtor's qualified IRA and placed in a regular checking account and co-mingled with other funds which were non-exempt. As such, the Court finds that the Debtor's claim of exemption pursuant to 735 ILCS 5/12-1006, must be denied.

Having found that the Debtor is not entitled to an exemption, pursuant to 735 ILCS 5/12-1006, the Court concludes that the Motion for Turnover Order filed by the Chapter 7 Trustee is valid pursuant to the provisions of 11 U.S.C. §§541 and 542 and must be allowed.

###